## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| Intelligent Automation Design, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| Zimmer Biomet Holdings, Inc., Biomet, Inc. | § | |
| d/b/a Biomet Texas, Biomet Microfixation, | § | |
| LLC, and LVB Acquisition, Inc. | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Intelligent Automation Design, LLC ("IAD" or "Plaintiff"), brings this action against Defendants Zimmer Biomet Holdings, Inc. ("Zimmer Biomet"), Biomet, Inc. ("Biomet"), and Biomet Microfixation, LLC ("Biomet Microfixation," collectively "Defendants") and through this Original Complaint alleges the following:

### I. THE PARTIES

1.      Plaintiff, Intelligent Automation Design, LLC, is a Pennsylvania limited liability company, having a place of business at 376 Twig Lane, Yardley, PA 19067.

2.      Defendant Zimmer Biomet Holdings, Inc. is a Delaware corporation, headquartered at 345 East Main Street, Warsaw, Indiana 46580 and which may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

3.      Defendant LVB Acquisition, Inc. is a Delaware corporation, headquartered at 1209 Orange Street, Corporation Trust Center, Wilmington, DE 19801 and which may be served

with process through its registered agent, Corporation Service Company, 2711 Centerville Rd.,

Suite 400, Wilmington, DE 19808.

4.      Defendant Biomet, Inc. is an Indiana corporation, headquartered at 56 E. Bell

Drive, Warsaw, IN 46582 and which may be served with process through its registered agent,

Corporation Service Company at 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

Defendant Biomet is a wholly-owned subsidiary of LVB Acquisition, Inc.

5.      Defendant Biomet Microfixation, LLC is a Florida limited liability corporation

headquartered at 1520 Tradeport Drive, Jacksonville, FL 32218, and which may be served with

process through its registered agent, Corporation Service Company at 1201 Hays Street,

Tallahassee, FL 32301.

## II. JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35, Section 1,

*et. seq.* of the United States Code. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the

United States, including 35 U.S.C. § 271 *et seq.* This Court also has diversity jurisdiction

pursuant to 28 U.S.C. § 1332.

7.      Defendants, either directly or through intermediaries, make, use, sell or offer to

sell products in this judicial district that infringe the below-identified patent. Defendants offer to

sell and/or distribute the below-identified infringing products to healthcare institutions and/or

medical professionals within this District. Defendants have thus, independently and/or

collectively, committed, contributed to and/or induced acts of infringement within this District.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

Defendants have committed acts of infringement and have maintained a regular place of business

ORIGINAL COMPLAINT

in this district. Specifically, Defendants maintain regular places of business within this district at least at the following locations: 697 E. SH 121, Suite 130, Coppell, TX 75019 (Denton County), 1120 Doctors Drive, Tyler TX 75701 (Smith County), and 118 E. Hospital St., Nacogdoches, TX 75961 (Nacogdoches County).

## BACKGROUND OF PATENT-IN-SUIT

9.      Plaintiff, IAD, is the owner of the United States Patent No. 7,091,683 ("the '683 patent"), titled "Method of Monitoring and Controlling the Seating of Screws to the Optimum Point of Grip Independent of Screw Size and Material Density." A true and correct copy of the '683 patent, which was duly and legally issued by the United States Patent and Trademark Office on August 15, 2006, is attached hereto as Exhibit A. Pursuant to 35 U.S.C. § 282, the '683 patent is presumed valid and enforceable.

10.      On information and belief, Defendants are and have been making, using, offering for sale and/or selling within the United States, products and/or methods that fall within the scope of one or more of the claims of the '683 patent, literally and/or under the doctrine of equivalents. Specifically, Defendants have advertised for sale and sold the "iQ Intelligent System," (the "Infringing System") a motorized screwdriver which infringes claims 1 through 8 of the '683 patent. A true and correct copy of an advertisement of an Infringing System is attached hereto as Exhibit B.

11.      Defendants' sale of the Infringing System for use in accordance with the methods described and claimed in Claims 1-5 of the '683 patent also contributes to the infringement of the '683 patent. The Infringing System is not a staple article of commerce and does not have a substantial non-infringing use.

ORIGINAL COMPLAINT

12.     In addition, upon information and belief, Defendants have, and continue to, actively induce customers to infringe of claims 1-5 of the '683 patent by knowingly inducing Defendants' customers to use the claimed method of controlling a motor used to drive a screwdriver bit such that screws are seated to the optimum point of grip between the screw and the workpiece material. Defendants' advertise benefits of the Infringing System, including that "[t]he iQ Intelligent System continuously monitors torque output to allow for consistent, accurate and rapid screw insertion," and that use of the Infringing System results in "[n]o excessive torque application resulting in screw stripping" and "[c]omplete seating of all screws." A true and correct copy of an article titled, "Evaluation of the iQ$^{TM}$ Intelligent System for Rapid Screw Insertion," is attached hereto as Exhibit C. Defendants intend to induce customers to accomplish the advertised benefits through utilization of the patented method.

13.     Accordingly, on information and belief, Defendants are infringing the '683 patent and are thus liable for infringement pursuant to 35 U.S.C. § 271(a)-(c).

14.     Defendants are liable to Plaintiff for damages that are adequate to compensate for the infringement under 35 U.S.C. § 284, which shall in no event be less than a reasonable royalty.

15.     Defendants have actual notice of the '683 patent. Defendants' infringement of Plaintiff's '683 patent is willful, and Plaintiff is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284. Specifically, Defendants filed U.S. Patent Application No. 13/965,692, titled "Surgical Device with Smart Bit Recognition Collet Assembly to Set a Desired Application Mode" ("the '692 App"). The '692 App was rejected as unpatentable in view of Plaintiff's '683 patent, and Defendants abandoned the application as a result of the

ORIGINAL COMPLAINT

USPTO's rejection. A true and correct copy of the Non-Final Office Action dated March 3, 2015 is attached hereto as Exhibit D.

16.     This is an exceptional case such that Defendants should be required to pay Plaintiff's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## JURY DEMAND

17.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

18.     WHEREFORE, Plaintiff prays for judgment and seeks the following relief:

a) For judgment in Plaintiff's favor that Defendants have infringed the '683 patent;

b) For an order requiring Defendants to account to Plaintiff for all sales, revenues, and profits derived from the infringing device, including any conveyed or derivative sales, and to compensate Plaintiff for all damages pursuant to 35 U.S.C. § 284 for Defendants' infringement of the '683 patent, which are in no event less than a reasonable royalty;

c) For judgment and an order that damages so assessed be enhanced or trebled as a result of willful infringement by Defendants, as provided by 35 U.S.C. § 284;

d) For judgment and an order requiring Defendants to pay Plaintiff its costs, expenses, pre-judgment interest, and post-judgment interest for Defendants' infringement of the '683 patent, as provided under 35 U.S.C. § 284;

e) For judgment and an order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Plaintiff's reasonable attorneys' fees; and

f) For such other and further relief as the Court may deem just and proper.

ORIGINAL COMPLAINT

DATED:  January 13, 2016

RESPECTFULLY SUBMITTED,

/s/*John D. Holman*
Guy E. Matthews (Lead Attorney)
TX Bar No. 13207000
John D. Holman
TX Bar No. 24082232
Holly Barnes
TX Bar No. 24045451
Terry Joseph
TX Bar No. 11029500
David Lodholz
TX Bar No. 24070158
MATTHEWS, LAWSON, MCCUTCHEON, &
JOSEPH, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057
TEL: (713) 355-4200
FAX: (713) 355-9689
gmatthews@matthewsfirm.com
jholman@matthewsfirm.com
hbarnes@matthewsfirm.com

and

THE BUZBEE LAW FIRM
Anthony G. Buzbee
State Bar No. 24001820
Fed. ID No. 22679
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com

and

J. Hawley Holman
TX Bar No. 09903200
LAW OFFICE OF HAWLEY HOLMAN
1905 Mall Drive
Texarkana, Texas 75503
TEL: (903) 792-4513
FAX: (903) 792-3762
hawley@hawleyholman.com

ORIGINAL COMPLAINT